**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MANSOUR M. VERACRUZ,

       Plaintiff,

v.                                 No.  15cv648 WJ/CG

MONARCH PROPERTIES, INC.,

       Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 2, filed July 27, 2015 ("Application"), and on Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 27, 2015 ("Complaint").   For the reasons stated below, the Court will **GRANT** the Application and **DISMISS** Plaintiff's Complaint without prejudice.   Plaintiff may file an amended complaint within 30 days of entry of this Order.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

      The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information in his Application is true.  Plaintiff states that: (i) his average monthly income during the past 12 months was $700.00 in disability; (ii) his estimated monthly expenses are $585.59; (iii) he is unemployed; and (iv) he has $18.00 cash, no money in bank accounts and his only asset is a computer valued at $800.00.  The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff is unemployed, and his only income is $700.00 per month in disability which only slightly exceeds his income.

**Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d at 1217.  The Court looks to the specific allegations in the complaint to determine whether they

plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff filed his Complaint using a form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Plaintiff rents an apartment which is managed by Defendant Monarch Properties, Inc.  Plaintiff alleges that the apartments are full of mold and insects, have broken doors, and do not meet H.U.D. requirements.  Plaintiff, who is a 64 year old double-amputee with kidney disease, alleges that the apartment manager told him that the apartments were suitable for handicapped persons.  Plaintiff alleges that the apartments are not suitable for handicapped persons and violate HUD property rules.  Plaintiff is delinquent in paying the rent and seeks a restraining order and injunction stating "allow for inspection of property and if suitable [begin] rent from that, if the property is not suitable refund all rent that has been paid. and not [further bother] from the defendant."  Doc. 1 at 5, 7.  Plaintiff does not identify the HUD rules allegedly violated or discuss how those rules were violated.

The Court will dismiss the 42 U.S.C. § 1983 claims against Defendant because Section 1983 only authorizes suits against persons acting under color of state law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any

person acting under color of state law"). There are no allegations in the Complaint that Defendant is a state actor.

The Court will dismiss the remainder of Plaintiff's claims because they fail to state a claim. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because it is dismissing all of Plaintiff's claims, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff may file an amended complaint within 30 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 2, filed July 27, 2015 is **GRANTED.**

**IT IS ALSO ORDERED** Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 27, 2015 is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 30 days of entry of this Order.

_____

**UNITED STATES DISTRICT JUDGE**