# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MANSOUR M. VERACRUZ,

    Plaintiff,

    vs.                                        Civil No. 15-CV648-WJ-CG

MONARCH PROPERTIES, INC.,
JOAN HOHMANN, INDIVIDUALLY AND
IN HER PERSONAL CAPACITY, and
JULIAN CASTRO, IN HIS CAPACITY AS
SECRETARY OF THE STATE OF THE
UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed October 22, 2016 **(Doc. 16)**. Plaintiff is proceeding pro se and in forma pauperis. *See* Doc. 6. Plaintiff has not filed a response to Defendant's motion; however, Plaintiff's Motion to Strike (Doc. 20) and accompanying memorandum brief to the motion to strike appears to be a responsive pleading to Defendant's Motion to Dismiss, and the Court will construe it as such. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (pleadings of pro se parties are to be liberally construed); *see also Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

**BACKGROUND**

Plaintiff describes himself as a 64 year-old double amputee with end-stage kidney disease. He alleges that Defendants have failed to maintain his apartment in habitable condition pursuant to the Nation Housing Act, 12 U.S.C. §1701 et seq. ("NHA"). Plaintiff's first complaint was dismissed without prejudice for failure to state a claim under 42 U.S.C.§1983, and Plaintiff was allowed to amend the complaint. The amended complaint was filed on September 11, 2015 (Doc. 7), which Defendant Monarch Properties ("Defendant" or "Monarch Properties") now seeks to dismiss on jurisdictional grounds.

The Court ordered supplemental briefing on the jurisdictional question, noting that in his amended complaint, Plaintiff had cited to *Conille v. Sec'y of Housing and Urban Development,* 840 F.2d 105 (1st Cir. 1988), where the plaintiff was a tenant who brought suit against the Secretary of the Housing and Urban Development ("HUD") and the apartment manager alleging that they failed to maintain her apartment in habitable condition and sought damages or restitution of rental payments. Doc. 22. In *Conille*, the First Circuit concluded that the National Housing Act provided a remedy for plaintiff. The Court ordered Monarch Properties to file a supplemental brief advising the Court why plaintiff has not alleged a basis for federal basis jurisdiction under the NHA. Only Defendant filed a supplemental brief (Doc. 23).

**DISCUSSION**

**I.    Legal Standard**

The issue here is whether Plaintiff's complaint sufficiently asserts federal jurisdiction. Federal courts are courts of limited jurisdiction. They are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th

Cir.1994) (citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). Federal courts are courts of limited jurisdiction. *U.S. ex rel. Fine v. Advanced Sciences, Inc.*, 99 F.3d 1000, 1004 (10th Cir. 1996). The "well pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

    A.    <u>No Claims Alleged As Violation of Federal Civil Rights</u>

In his Amended Complaint, Plaintiff refers to the Fourteenth Amendment to the United States and Title II of the Americans With Disabilities Act ("ADA") as the jurisdictional basis for his claims. *See* Doc. 7. However, as Defendant notes, none of the facts alleged in the Amended Complaint forms what might be the basis for a federal claim. As a pro se litigant, Plaintiff's complaint is held to a less stringent pleading standard than if the complaint were drafted by counsel. *Denton v. Hernandez,* 504 U.S. 25 (1992). Even so, pro se litigants must have some minimum level of factual support for their claim. *See Frazier v. Dubois,* 922 F.2d 560, 562, n.1 (10th Cir. 1990). Giving Plaintiff the benefit of the jurisdictional analysis, there is no fair way to construe his claims as alleging a claim under the Fourteenth Amendment, the ADA, or under any other federal theory because there is no allegation of discrimination or other kind of civil rights violation. Plaintiff refers to 12 U.S.C. §1713, which does not appear to have any

application to the relief he is requesting, nor does Plaintiff cite to any federal housing statute under which he would have a private right of action for these claims.

      B.      <u>No Claims Asserted Which Have a Federal Statutory Basis</u>

Defendant maintains that Plaintiff's amended complaint comes no closer in alleging a basis for federal jurisdiction than did the original complaint, and that the mere mention of *Conille* in the complaint does not in itself provide a basis for suit in federal court.

After a careful review of the amended complaint, the Court finds that even a liberal construction would not afford Plaintiff the basis for a federal claim. The situation in *Conille* is markedly different because in that case, HUD took assignment of the mortgage, and as Mortgagee in Possession, HUD was responsible for all aspects of property management, including rent collection and property maintenance. 840 F.2d at 108. Under those facts, the plaintiff in *Conille* could sue the Secretary of HUD for breach of implied obligations underlying the lease contract because that contract was entered into pursuant to authority conferred by federal statute, and thus was governed by federal law. Here, Plaintiff does not allege that HUD owns or operates the property he occupies. In fact, Defendant represents that Plaintiff's landlord is a private nonprofit corporation which purchased the property under federal mortgage and leased on a HUD-prescribed lease. Doc. 23 at 3.

Moreover, allegations that a tenancy might involve a lease *form* prescribed by HUD do not form a basis for a controversy arising under federal law. *See Tempo, Inc. v. City of Gladstone Housing Com'n,* 635 F.Supp. 879, 882 (W.D.Mich. 1984) (fact that the contracts were embodied on forms prescribed by HUD did not signify that a controversy over their terms arose under federal law) (citing *Ippolito-Lutz, Inc. v. Harris,* 473 F. Supp. 255, 259 (S.D.N.Y. 1979)). Plaintiff's case is not governed by federal law unless the lease contract was entered into pursuant

4

to authority conferred by federal statute, and there are no such allegations in the amended complaint. *Cmp. Williams-Ward v. Lorenzo Pitts, Inc.,* 908 F.Supp. 48 (D.Ma. 1995) (case involving child's ingestion of lead paint in an apartment building *owned* by the HUD) (emphasis added). Unless HUD either owned the mortgage for Monarch Properties, or had entered into a contract with Defendant, there is no basis for federal jurisdiction, and Plaintiff has not alleged these facts. Merely alleging violations of HUD regulations, or asking the Court to construe federal regulations which may or may not be incorporated into Plaintiff's lease, is insufficient to confer federal jurisdiction on this case. *See J.A. Jones Const. Co. and Daidone Elec. of N.Y., Inc., a Joint Venture v. City of New York*, 753 F.Supp. 497, 501 (S.D.N.Y.,1990) (citing *Jackson Transit Authority v. Local Division 1285, Amalgamated Transit Union, AFL–CIO–CLC*, 457 U.S. 15, 29 (1982) (rejecting argument that where contract rights were guaranteed by federal law, the complaint stated claims arising under federal law). In *Rivera v. Phipps Houses Serv., Inc.,* a similar issue was presented under section 8 of the Housing and Community Development Act of 1974 ("HCDA"), 12 U.S.C. §1706e. 2001 WL 740779, at *3 (S.D.N.Y. 2001). Section 8 has several distinct programs through which HUD distributes rent subsidy payments to landlords through Housing Assistant Payments ("HAP") contracts. *Id.; see Cobos v. Dona Ana County Housing Authority*, 908 P.2d 250, 252, 121 N.M. 20, 22 (N.M.App.,1995) (noting that the United States Department of Housing and Urban Development ("HUD") contracts with the Housing Authority to create a Section 8 Existing Housing Program). The plaintiffs in *Rivera* claimed there was federal jurisdiction over alleged violations of federal housing standards under the HCDA and claimed that they were beneficiaries of the HAP contract. However, the *Rivera* court found that the specific rights contained in the HCDA did not form the basis for a tenant suit. It found that federal question jurisdiction exists "only if the federal law itself creates a cause of

action" and it is not enough for a federal law to be an "essential component of a state law cause of action" such as when HUD regulations are incorporated into the lease. *Id.* at *3. The court also concluded that the question of whether plaintiffs were third-party beneficiaries of the HAP contract was "simply too far afield from plaintiffs' substantive claims to warrant the exercise of federal power." *Id.,* at *5.

No federal housing statute affords Plaintiff the relief he seeks. In *Banks et al. v. Dallas Housing Auth., et al.,* 119 F.Supp.2d 636 (N.D.Tex. 2000), the court found that no private cause of action existed for violations of the United States Housing Act of 1937 and its regulations establishing Section 8 housing quality standards). While the lawsuit in *Banks* was brought under a different federal statute from the statute addressed in either *Conille* or *Rivera*, the end result is comparable. *Banks* involved the United States Housing Act of 1937, also called the "Housing Act." The Housing Act was built on the National Housing Act of 1934 ("NHA"), which created the Federal Housing Administration. *Federal Housing Admin., et al. v. Burr,* 309 U.S. 242 , 244 (2006). What is noteworthy for the Court's purposes here is that the Housing Act was codified in Chapter 8 ("Low-Income Housing") of Title 42 ("Public Health and Welfare"). In contrast, *Conille* and *Rivera* were brought under statutes codified within Chapter 13 ("National Housing") of Title 12 ("Banks and "Banking"). Either way, courts seem to have rejected the notion of a tenant's private right of action under these housing statutes, which is separate from the question of whether federal jurisdiction exists over such actions; *see also* 24 C.F.R. 982.453 (providing for breach of contract claims arising from violations of the federal housing standards against § 8 owners by public housing authorities, but making no provision for tenant-initiated law suits). Even in *Conille*, which held that the tenant-plaintiff was entitled to restitution of rental payments made during the period of breach, the court made no finding as to whether there was a private

right of action under the NHA.  The court's holding in that case was premised on the landlord-tenant contractual relationship between the HUD Secretary (the federal government) and the plaintiff as its tenant, rather than as any right that was "implied" from a specific statutory source. *Conille,* 840 F.2d at 112, n.10 (citing *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. at 638 (distinguishing between analysis of right of action as a matter of federal common law and as implied from a specific statute).

Without any allegations of a contractual relationship between Plaintiff and the federal government as a party to that contract, federal jurisdiction does not exist.  This is purely a landlord-tenant issue, which should be resolved under the New Mexico statutes that clarify the law governing the rental of dwelling units and the rights and obligations of both owner and resident.  *See* New Mexico Uniform Owner-Resident Relations Act, NMSA 1978 § 47-8-1 et seq.

Finally, the Court agrees with Defendant that the amended complaint does not confer federal jurisdiction based on diversity.  Defendant Monarch Properties is located in New Mexico, but Defendant Julian Castro ("Castro") is named as the Secretary of HUD and in a separate pleading, Plaintiff states that Castro is a "representative defendant" because he "controls the statute which governs this matter." Doc. 21 at 1.  However, even assuming the requisite amount in controversy for federal jurisdiction under 28 U.S.C. §1332, there is no basis in the allegations which, if true, would state a claim against HUD.  Joining a defendant without stating a plausible claim cannot create or defeat jurisdiction, and so in this case, joining Castro as a defendant cannot form the basis for diversity jurisdiction.

**CONCLUSION**

In sum, the Court finds and concludes that Plaintiff has alleged no facts giving rise to federal jurisdiction. The Court advises Plaintiff that his allegations against his landlord (who was not joined in this action) are appropriately heard in state court. Further, this Memorandum Opinion and Order renders moot Plaintiff's Motion for Default Judgment (Doc. 13) as well as Plaintiff's Motion to Strike (Doc. 20) which the Court has construed as a response to Defendant's motion to dismiss.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 16)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order. A Rule 58 Judgment shall be entered separately.

_____
UNITED STATES DISTRICT JUDGE